## J. W. VINEYARD AND ANOTHER v. J. F. SMITH.

1. The consideration of a sealed covenant for the conveyance of land could only be denied by a sworn plea.

2. A written contract under seal was entered into between W. of the one part, and S., an owner of certain land, of the other part, whereby W. agreed to aid S. to build up a town on the land; and S., in consideration of such aid, bound himself, whenever by their joint efforts enough of the land (or town lots) should be sold to realize to S. a sum equal to ten dollars per acre for the whole tract, to convey to W. one undivided fourth of the land remaining unsold. Suit for specific performance being brought against S., he demurred on the several grounds that the contract was without consideration—that it was without mutuality of obligation—and that it was void under the statute of Frauds. *Held*, that it was error to sustain the demurrer on any of these grounds.

3. The suit for specific performance, above indicated, was brought against S. not only by W., but also by one V., as a co-plaintiff—they alleging in their petition that W., with the knowledge and privity of S., contracted to convey to V. one half of whatever interest he, W., should acquire in the town, in consideration that V. would contribute his services in building up the town, and would convey to W. a certain block of lots. *Held*, that V. was properly joined with W. as a party plaintiff.

ERROR from Refugio. Tried below before the Hon. J. J. Holt.

The facts, so far as they are involved in the questions decided, are fully and clearly stated in the opinion of the court.

*Glass & Callender*, for plaintiffs in error.—Such a contract is not void for want of mutuality. For, although there may have

been nothing in the writing to bind Williamson to co-operate with Smith in building up the town, yet if the promise to convey was made in consideration of such co-operation, or upon condition that Williamson should co-operate, then, if Williamson did in fact co-operate, that co-operation was a consideration completed, and the contract became binding. (1 Parsons Contracts, 450, 451.) "If without any promise whatever the promisee does the thing required, then the promisor is bound on another ground. The thing done is itself a sufficient and a completed consideration." (Id., 451.) Which doctrine was expressly affirmed by this court in the case of Rose v. San Antonio and Mexican Gulf R. R. Co., decided at Galveston, 1868; and see Fishmonger's Co. v. Robertson, 5 Man. & G., 131; Phelps v. Townsend, 8 Pick., 392; Com. Bank v. Noland, 7 How. Miss., 508.

Now, although this contract is for the conveyance of land, and must be in writing, it is not necessary that the consideration should be stated in writing. That may be shown by parol. (Elliott v. Button, 10 Texas, 211, 212; Adkins v. Watson, 12 Texas, 201.) In this last cited case it is expressly decided that "the statute of frauds does not require that the price stipulated to be paid for land sold, shall be evidenced by writing." (And see Packard v. Richardson, 17 Mass., 122; Sage v. Wilcox, 6 Conn., 81; Reed v. Evans, 17 Ohio, 128; Gallegan v. Boardman, 29 Maine, 79; How v. Kemball, 2 McLean, —; Hargroves v. Cooke, 15 Ga., 321.) And these authorities sufficiently show the proper admission of parol testimony to show the consideration in such a case.

No brief for the defendant in error.

WALKER, J.—This action is founded on a contract which is in the words and figures following:

"The State of Texas, county of Refugio.—Articles of agreement made and entered into by and between Joseph T. Smith, of said State and county, of the one part, and Thomas J. Williamson, of

said State and county of Colorado, of the other part, witnesseth, that the said parties to this contract have by these presents mutually agreed to build up a town called St. Marys of Aransas, in the said State and county of Refugio, on the northwestern shore of the bay of Aransas, and between the mouth of Aransas and Mission rivers; and the said Smith on his part hereby promises, agrees, and binds himself, his executors and administrators, to transfer to said Williamson, his executors and administrators, one equal undivided fourth part of one thousand and sixteen acres of land, and three-fourths of another acre of land, including the site of said town, for the consideration hereinafter mentioned, under the following boundaries: Beginning on the bay of Aransas at the southeast corner of a survey made for E. Maxey; thence with the bay of Aransas south 48° west, 29.84 chains; thence south $48\frac{3}{4}°$ west, 43.89 chains; thence south 52° west, 24.93 chains; thence south $42\frac{1}{2}$ west, 1.31. chains, which station completes one mile and one quarter of another mile front on said bay; thence north 42° west, to John H. Woods' side line of 144 acres of land; thence north with said line to a point from which a line north, 48° east, will intersect a line from beginning corner, running north, 42° west, and which will contain the aforesaid number of acres of land. But said Smith reserves one block of lots in said town, already given to said Williamson, from the operation of this contract.

"And the said Williamson on his part hereby promises and agrees to pay said Smith ten dollars for each acre of said land, out of the first money coming to his share from the sale of lots or land within said town tract; and when the purchase money is paid to the said Smith by the said sales, or otherwise, then said Smith agrees to transfer by deed to said Williamson, his heirs, assigns, executors and administrators, one equal fourth part of said land that remains unsold.

"In testimony whereof we have hereunto signed our names and

affixed our scrawls for seals, in duplicate, on this the twentieth day
of March, A. D. 1858.

                    "JOSEPH F. SMITH,    (Seal.)
                    "TH. T. WILLIAMSON.  (Seal.)
"Witness: C. W. Egery,
          N. O. Vineyard."

On the same day this contract was executed the plaintiffs entered
into a contract which they set out in full in their petition, by
which Williamson obligated himself to Vineyard to transfer to
him one-half of whatever interest he acquired in the town of St.
Marys, Aransas, under his contract with Smith, in considera-
tion of Vineyard's giving his services in building up the contem-
plated town, and also conveying to Williamson a certain block of
lots in said town.

There can be no doubt that Smith was privy to this contract.
He signed the same as a witness, and the plaintiffs aver that they
contracted together, by and with his knowledge and consent.

The plaintiffs, in their petition, set out these contracts, averring
the performance on their part of all their stipulations, covenants
and agreements, and that the defendant has not complied with his,
and pray for a decree enforcing specific performance.

The defendant answered generally, demurred and excepted, and,
after argument, the court sustained the demurrer. The plaintiffs
filed amended petitions, to which the defendant demurred, denied
generally, and excepted; urging that the original contract was
without consideration, and void, and that it was without mutuality
of obligation, and that it was within the statute of frauds.

The court sustained some one or all of these objections, and dis-
missed the original as well as the amended petition on demurrer.

The true and exact meaning of the contract may be a little ob-
scure. It was nevertheless the duty of the court to construe it.
The contract was under seal, which imported a consideration
which could only be denied under oath. It is said in Howard v.

Hopkins, 2 Atk., 371, " A seal does not in equity establish a presumption of a consideration, so as to take the case out of the operation of the rule that a voluntary agreement cannot be executed." (Harris and G. R., 100, Black v. Cord.) These cases appear to have some bearing favorable to the view entertained by the court below, but we think fall far short of furnishing authority for the ruling.

This was a contract on the part of Williamson to do something, and on the part of Smith to pay for that something in land, at the rate of ten dollars per acre, whenever that something had been done.

It is obvious that Smith agreed with Williamson that if he would go to work and help him build up a town on the lands described in the petition, that whenever enough of the land had been sold by the joint efforts of the parties, to. realize a sum of money equal to what the whole tract would bring if sold at ten dollars per acre, then Smith agreed and bound himself to convey to Williamson one-fourth part of the land remaining unsold. Vineyard by his contract with Williamson, if it was made with the knowledge and consent of Smith, acquired such an interest in the subject matter as to make him a proper party to this suit.

The defenses set up in the special answers might have been good if properly proven, and as the pleading stood, the demurrer should have been overruled and the cause heard on bill, answer, exhibits and evidence. It was error in the court to sustain the demurrers. The judgment is therefore reversed, and the cause remanded to be proceeded in in accordance with this opinion.

Reversed and remanded.